NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1171, -1558

OUTSIDE THE BOX INNOVATIONS, LLC (doing business as Union Rich USA),

Plaintiff/Counterclaim Defendant-
Cross-Appellant,

and

BONAKA LIMITED, BONAKA PLASTIC MANUFACTURING CO., LTD.,
UNION RICH PLASTIC FACTORY, LTD., CHRISTOPHER URE,
and MATT WILLIAMS,

Counterclaim Defendants-Appellees,

and

TERRY KINSKEY and LYNN MARTINEAU,

Counterclaim Defendants,

v.

TRAVEL CADDY, INC.

Defendant/Counterclaimant-
Appellant,

and

ROOSTER PRODUCTS (doing business as The Rooster Group),

Defendant/Counterclaimant.

Appeals from the United States District Court for the Northern District of Georgia
in case no. 1:05-CV-2482, Senior Judge Orinda D. Evans.

ON MOTION

Before MAYER, BRYSON, and DYK, Circuit Judges.

DYK, Circuit Judge.

<u>O R D E R</u>

Outside the Box Innovations, LLC (doing business as Union Rich, USA) (hereafter, "Union Rich") moves to disqualify the law firm of King & Spalding from representing Travel Caddy, Inc. in this appeal. Travel Caddy opposes. Union Rich replies. Travel Caddy moves for leave to file a surreply.

BACKGROUND

This motion stems from a declaration submitted in the district court by Anthony B. Askew, Esq. as an expert witness in support of Union Rich's motion for attorney fees. According to the papers submitted, Askew was and still is a partner in the law firm of King & Spalding. In his declaration, Askew opined that the requested amount of attorney fees requested by Union Rich was reasonable, based on his experience. Travel Caddy opposed Union Rich's motion for attorney fees and challenged the strength of and analysis in Askew's declaration. Ultimately, although the district court had found there was inequitable conduct and that the case was exceptional, the district court denied the request for attorney fees because "it would not be 'grossly unjust' to require Union Rich to bear the burden of its own counsel." The district court stated that "[a]s a result of the conduct of both parties, this litigation has been protracted and contentious. Under such circumstances, this Court finds that it is best 'to leave the parties where it finds them,' and it is within the Court's discretion to do so. <u>Propat Int'l Corp. v. RPost, Inc.</u>, 473 F.3d 1187, 1195 (Fed. Cir. 2007)."

After the conclusion of the trial court's proceedings and filing of the notice of appeal, Travel Caddy selected three attorneys from King & Spalding to represent Travel Caddy during the course of this appeal. Union Rich filled this motion, contending that

Travel Caddy and Union Rich's interests are materially adverse, that King & Spalding's attorneys have "switched sides" without the knowledge and consent of the parties, and that the firm should be disqualified under the principle of imputed disqualification.

DISCUSSION

The parties present the issue as whether, under the Georgia Rules of Professional Conduct (GRPC), a law firm is disqualified from accepting representation of a client on appeal because one of the firm's attorneys was an expert witness in the same matter on behalf of another party with adverse interests. The parties devote most of their arguments to whether or not Askew created an attorney-client relationship with Union Rich. Although we doubt that there was an attorney-client relationship between Union Rich and Askew, merely because he served as an expert witness regarding the amount of fees, we focus our attention on a matter raised by Union Rich which requires that King & Spalding be disqualified.

GRPC 1.7 ("Conflict of Interest: General Rule") provides:

(a) A lawyer shall not represent or continue to represent a client if there is a significant risk that the lawyer's own interests or the lawyer's duties to another client, a former client, or a third person will materially and adversely affect the representation of the client, except as permitted in (b).

(b) If client consent is permissible a lawyer may represent a client notwithstanding a significant risk of material and adverse effect if each affected or former client consents, preferably in writing, to the representation after:

(1) consultation with the lawyer,

(2) having received in writing reasonable and adequate information about the material risks of the representation, and

(3) having been given the opportunity to consult with independent counsel.

2009-1171, -1558                    3

(c) Client consent is not permissible if the representation:

    (1) is prohibited by law or these rules;

    (2) includes the assertion of a claim by one client against another client represented by the lawyer in the same or substantially related proceeding; or

    (3) involves circumstances rendering it reasonably unlikely that the lawyer will be able to provide adequate representation to one or more of the affected clients.

Union Rich states that it will be arguing in its opening brief as cross-appellant "that the conduct of their counsel below was necessary and proper under the totality of the circumstances and will rely, at least in part, on the K & S testimony provided by Mr. Askew." Thus, to properly represent the interests of Travel Caddy, the lawyers from King & Spalding would need to consider whether to challenge the sufficiency of Askew's expert opinion in this appeal. Members of the firm may not be able to provide adequate representation on that issue without challenging Askew's opinion. We note that prior counsel for Travel Caddy did specifically challenge the sufficiency of Askew's expert opinion before the district court. The question whether King & Spalding should challenge the expert opinion of one of King & Spalding's partners in our view would materially and adversely affect the firm's representation of Travel Caddy on appeal. We determine that Rule 1.7(a) is applicable. There has been no showing that Travel Caddy waived the conflict pursuant to GRPC 1.7(b), even assuming that the conflict is one that can be waived. For example, there is no written waiver included in the submissions; there has been no showing that Travel Caddy "received in writing reasonable and adequate information about the material risks of the representation"; or that Travel Caddy was "given the opportunity to consult with independent counsel." GRPC 1.7(b).

Thus, pursuant to GRPC 1.7, King & Spalding may not represent Travel Caddy in this appeal.

Accordingly,

IT IS ORDERED THAT:

(1)     The motion for disqualification is granted.  New counsel for Travel Caddy must enter an appearance within 30 days of the date of filing of this order.

(2)     The motion for leave to file a surreply is granted.

(3)     The appellant's opening brief is due within 60 days of the date of filing of this order.

FOR THE COURT

   February 1, 2010                            /s/ Jan Horbaly_____
            Date                               Jan Horbaly
                                          Clerk

cc:    J. Rodman Steele, Jr., Esq.
        Joel D. Myers, Esq.
        Jeffrey D. Mills, Esq.

s19